IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFORY D. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:13-CV-481-WHA |
| | ) | [WO] |
| DR. S. WARR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff filed this 42 U.S.C. § 1983 action on July 9, 2013, challenging the provision of mental health care provided at the Russell County Jail in Phenix City, Alabama. Dr. William S. Warr and Nurse Tina Pelfrey are the named defendants. Plaintiff seeks treatment for depression, that Russell County be investigated, and requests damages for the alleged violations of his constitutional rights.[1]  Doc. # 1.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief.  In these documents, Defendants argue this case is due to be dismissed because prior to filing this cause of action Plaintiff failed to properly exhaust an administrative remedy available to him at the Russell County Jail regarding the claims in the complaint. Doc. # 20 at 5-7.  Defendants base their exhaustion defense on Plaintiff's failure to file a grievance and/or grievance appeal regarding the claims. *Id*.

The court provided Plaintiff an opportunity to file a response to Defendants' report in which he was advised to "specifically address Defendants' argument that he [] failed to exhaust

---

[1] During the pendency of this action Plaintiff was released from custody.

his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. Doc.# 21 at 1. The order informed Plaintiff that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id*. at 3. This order further cautioned Plaintiff that unless "sufficient legal cause" is shown within ten days of entry of the order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a [dispositive motion] and (2) after considering any response as allowed by this order, rule on the motion [ ] in accordance with the law." *Id*. at 3-4. Plaintiff filed a response to Defendants' special report. Doc. # 24.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant" "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies...."). Therefore, the court will treat Defendants' report as a motion to dismiss.

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e regarding exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy

>the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (*en banc*); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed.App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 Fed.App'x at 366. A district court "may resolve disputed factual

3

issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 Fed.App'x at 535.

Upon review of the complaint, Defendants' dispositive motion and Plaintiff's response, the court concludes Defendants' motion to dismiss is due to be granted.

### III. DISCUSSION

Plaintiff alleges he received inadequate mental health care for depression while incarcerated at the Russell County Jail. He maintains that on or around July 2, 2012, he advised Defendants he wished to be seen by mental health for depression but was told he did not need to see mental health and was prescribed depression medication. In response to request forms he submitted requesting mental health treatment, Defendants advised him to seek bond or contact his counsel to obtain court-ordered mental health care. Doc. # 1 at 2-3. In response to the complaint, Defendants deny violating Plaintiff's constitutional rights and argue this case may be dismissed because Plaintiff failed to exhaust the administrative remedy provided at the Russell County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. # 20.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress

4

has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F.3d at 1378 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion

5

requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed.Appx. 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that the Russell County Jail provides an administrative remedy procedure for inmate complaints in an inmate grievance procedure. Defendants state that, upon booking, inmates receive a copy of the Inmate Handbook which explains the jail grievance procedure, the inmate request procedure, and the medical care policy. Defendants maintain inmates at the Russell County Jail, including Plaintiff during the relevant time period, know of the facility's grievance procedure. The appeal procedure for inmate grievances is detailed on each inmate grievance form. The grievance procedure allows an inmate to submit grievances to jail personnel regarding matters/conditions at the jail. An inmate may request inmate grievance forms from jail staff, and grievances are investigated and answered by jail personnel. If an inmate is not satisfied with the response to his/her grievance, the inmate may appeal, in writing, up the chain of command to the Sheriff. Under the jail's paper system utilized prior to July 2013,[2] inmates could request inmate request forms for asking questions or making requests of jail staff. The inmate request forms were to be answered promptly by the jailer accepting the form. If jail staff could not answer the inmate

---

[2] In July 2013 the Russell County Jail went to an electronic system for handling inmate requests, grievances, medical requests, and appeals. Since installation of the electronic kiosk system, all inmate requests and appeals are handled electronically with the exception of emergency requests which may be communicated orally. The electronic kiosks are located in the dayrooms where inmates may submit a request which is disseminated to designated persons who are required to responds within a specific timeframe or they will receive an electronic warning. The kiosk system stores all requests and responses electronically in a database which may be queried for reporting purposes. Doc. # 20, Exh. C – Johnson Affidavit.

request, the shift supervisor or jail administrator would respond.  Copies of grievances and inmate request forms were placed in the inmate's file.  Doc. # 20, Exh. C - Johnson Affidavit.

The record establishes that the Russell County Jail provides an administrative remedy procedure for inmate complaints which is available to all jail inmates, including Plaintiff, during his confinement at the facility during the relevant time period.  Plaintiff does not challenge the availability of a grievance procedure at the jail.  Defendants maintain Plaintiff's jail file reflects he submitted numerous inmate medical request forms but no inmate requests or grievances and/or any appeal of a request or grievance regarding the incident alleged in the complaint. Doc. # 20, Exh. C – Johnson Affidavit, Exh. D – Part 1 & 2.

Regarding his failure to file a grievance in accordance with the grievance procedure, Plaintiff contends during his fifteen months in the Russell County Jail he saw only one inmate handbook. He further maintains that, contrary to Defendants' assertion that all inmate requests/grievances are answered, he submitted "informal grievances . . . on inmate request forms . . ." and medical request forms to Defendant Pelfrey which went unanswered.  Doc. # 24 at 15. Plaintiff subsequently submitted grievances to then Jail Administrator Lt. Leonard and to the Sheriff which he claims were also not answered. *Id.* at 18.   Attached to Plaintiff's response are several inmate medical request forms he prepared which he maintains are "unaccounted for" in Defendants' evidence. *Id.* at 21-33. Although Plaintiff's and Defendants' allegations conflict, Plaintiff's allegation he was impeded in his effort to exhaust administrative remedies is assumed to be true for purposes of this Recommendation. *Turner v. Burnside, supra*.

The court turns to the second *Turner* step where Defendants bear the burden of establishing a lack of exhaustion. Defendants' evidence establishes that the Russell County Jail provides a procedure for inmates who wish to submit a grievance regarding conditions at the Russell County

Jail. Inmate request and grievance forms are available to inmates at the jail, inmate requests and grievances are investigated and answered, and if the inmate is dissatisfied with the response he or she receives, the inmate may appeal the response in writing up the chain of command to the Sheriff of Russell County who is the final source of the administrative appeal. Plaintiff's evidence has not successfully rebutted this showing that an administrative remedy process was available at the Russell County Jail during the time of his incarceration. To the extent Plaintiff claims an unawareness of the grievance process at the Russell County Jail because he saw only one inmate handbook during his incarceration, such assertion lacks credibility as his response to Defendants' dispositive motion clearly reflects an awareness of the available administrative remedy procedure. *See* Doc. # 24 at 18. Additionally, Plaintiff's response also contains a copy of the form utilized at the Russell County Jail for inmate grievances which includes information about how an inmate may appeal a grievance. *Id.* at 33. *Cf. Goebert v. Lee County*, 510 F.3d 1312, 1323 (11th Cir. 2007) (a prison grievance system is not available for purposes of the PLRA exhaustion requirement where the system is "unknown and unknowable."). Plaintiff's submission of copies of inmate medical request forms which he claims are "unaccounted for" in Defendants' evidence fails to overcome Defendants' evidence showing that a grievance system was available at the Russell County Jail, and that he failed to exhaust properly within the appropriate channels the administrative remedy available to him. *See Woodford*, 548 U.S. 84-851 (to exhaust administrative remedies, an inmate must comply with all steps prescribed by the jail's grievance system); *see also Twitty v. McCoskey,* 226 Fed. Appx. 594, 596 (7th Cir. 2007) (inmate failed to avail himself of the administrative remedies which existed to redress his claims where he made his complaints "outside the channels of the [jail's formal] grievance procedure."); *Brewington v. Daniels*, 2012 WL 6005780 *4-5 (M.D. Ala. 2012) (inmate's conclusory assertion he complied with grievance

procedures but medical staff failed to timely respond to his initial medical grievance insufficient to overcome Defendants' evidence showing that a grievance system was available for Plaintiff's claims); *Maclary v. Carroll*, 142 Fed. Appx. 618, 620 (3rd Cir. 2005) (inmate's unsupported conclusory allegations he filed grievances which went unanswered and unprocessed were insufficient to overcome defendants' evidence he failed to exhaust available administrate remedies).

The court has carefully reviewed the pleadings, documents, and records and concludes Plaintiff failed to exhaust administrative remedies regarding the claims in this action and/or failed to demonstrate he was denied access to those administrative remedy procedures. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The pleadings filed by Plaintiff further establish that since filing this cause of action he has been released from custody. It is, therefore, clear that Plaintiff's access to the administrative remedy provided by Defendants is no longer available to him. The court, therefore, concludes that Plaintiff's complaint is subject to dismissal with prejudice as he failed to exhaust properly an administrative remedy available to him which is a precondition to proceeding in this court on his claim. *Woodford*, 548 U.S. at 87–94. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

Defendants' motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87-94.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss (Doc. # 20) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Russell County Jail prior to initiating this cause of action;

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy available to him at the Russell County Jail; and

3. No costs be taxed.

It is further

ORDERED that on **or before June 29, 2016**, the parties may file any objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of June 2016.

      /s/Terry F. Moorer
     TERRY F. MOORER
   UNITES STATES MAGISTRATE JUDGE